ORIGINAL

DONNELLY, J.

BLOOM, M.J.



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Diamani Thomas

_____

_____

*(Write the full name of each plaintiff who is
filing this complaint. If the names of all the
plaintiffs cannot fit in the space above, please
write "see attached" in the space and attach an
additional page with the full list of names.)*

-against-

THE City of New York,
THE New York City Police Dep
P.O MORENO, Diego, Gimenez, Martin & John Does 1-3

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names. Do not include
addresses here.)*

**Complaint for Violation of Civil
Rights**
(Non-Prisoner Complaint)

Case No **CV 19 - 6090**
*(to be filled in by the Clerk's Office)*

Jury Trial:  ☒ Yes   ☐ No
*(check one)*

---

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting
from public access to electronic court files. Under this rule, papers filed with the court should
*not* contain: an individual's full social security number or full birth date; the full name of a
person known to be a minor; or a complete financial account number. A filing may include
*only*: the last four digits of a social security number; the year of an individual's birth; a
minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other
materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an
application to proceed in *forma pauperis*.

**I.**   **The Parties to This Complaint**

**A.**   **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                    Diamani Thomas
Street Address          219 Scholes Street 2A
City and County         Brooklyn
State and Zip Code      New York 11206
Telephone Number        718-782-1788
E-mail Address          _____

**B.**   **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name                    The City of New York
Job or Title            _____ (if
known)
Street Address          100 Church Street
City and County         New York
State and Zip Code      New York 10007
Telephone Number        _____
E-mail Address          _____ (if
known)

2

**II.    Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☒  State or local officials (a § 1983 claim)
☐  Federal officials (a *Bivens* claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Plaintiff 4th Amendment and 14th Amendment Rights Secured to me by the Constitution

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____
_____
_____

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

New York City Police Department officers intentiona - , acting under color of state law, moreno, Diego, intentionally and willfully and without probable Sgt Gimenez, cause, subjected me to false arrest and Martin + false imprisonment
John Does 1-3,

Defendant No. 2

| | | |
|---|---|---|
| Name | _____ | |
| Job or Title (if known) | _____ | (if |
| Street Address | _____ | |
| City and County | _____ | |
| State and Zip Code | _____ | |
| Telephone Number | _____ | |
| E-mail Address (if known) | _____ | (if |

Defendant No. 3

| | | |
|---|---|---|
| Name | _____ | |
| Job or Title (if known) | _____ | (if |
| Street Address | _____ | |
| City and County | _____ | |
| State and Zip Code | _____ | |
| Telephone Number | _____ | |
| E-mail Address (if known) | _____ | (if |

Defendant No. 4

| | | |
|---|---|---|
| Name | _____ | |
| Job or Title (if known) | _____ | (if |
| Street Address | _____ | |
| City and County | _____ | |
| State and Zip Code | _____ | |
| Telephone Number | _____ | |
| E-mail Address (if known) | _____ | (if |

### III.    **Statement of Claim**

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

Scholes Street, Brooklyn N.Y 11206
Between graham Avenue and
Manhattan Avenue.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

On July 28, 2018, at 11:00

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

P.O moreno, Diego and Grimenez Martin
Stopped me without probate cause.
Search and frisk me without my
permission in violation of the 4th Amendment

illegal Search→ Defendents detained me and
arrested me, Subjecting me to
violation of my 14th Amendment Rights
Due process, without any cause
or actions on my behalf.
Subjected plantiff to Court proceedings,
which was dissmised.

See Attached⁵

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Emotional Distress, and Cruel
and unusual punishment, Handcuff
extremely tight.
Fear of Police / law enforcement.

_____
_____
_____
_____

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

100 Hundred thousand Dollars in damages,
punitive Damages for willing
Conduct which was egregious and
intentional.

_____
_____
_____
_____

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the

6

complaint otherwise complies with the requirements of Rule 11.

**A.      *For Parties Without an Attorney***

I agree to provide the Clerk's Office with any changes to my address
where case-related papers may be served. I understand that my failure to
keep a current address on file with the Clerk's Office may result in the
dismissal of my case.

Date of signing: 10/25 / 2019

Signature of Plaintiff
          *Diamani  Thomas* _____

Printed Name of Plaintiff   Diamani  Thomas _____

7

① This is a civil rights action where I seek relief for the violations of my rights secured by 42 USC 1983, 1988, the 4th and 14th Amendment Rights of the United States Constitution.

② I seek monetary damages (special, compensate and punitive damages) against all defendant

③ Officer Moreno, Diego was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief officer (Moreno) was plaintiff arresting officer and was under the command of 90 Precient, Defendant Moreno is sued in his individual capacity.

④ Officer Gimenez Martin is also a police officer employed by the NYPD.

⑤ At All times mentioned defendents were working under the color of the LAW, and State LAW, under color of the Statue, ordinance, regulations, policies, customs and usages of the City and State of New York.

PLAINTIFF: DIAMANI D. Thomas
Complaint for violation of civil Rights

(6). DEFENDANT(S) deviated from the N.Y.P.D
policies and procedures, and illegally
detained me, then defendant(s) subjected
me to frisk (search me).

7) DEFendant(s) Had me Arrested and
Detained for about 24 hours.

8) Case was eventually dismissed

## CLAIMS FOR RELIEF
### FIRST CAUSE OF ACTION:
### INTENTIONAL DISCRIMINATION UNDER TITLE VII OF THE
### CIVIL RIGHTS ACT OF 1964, 42 U.S.C § 2000(d), et seq.

Plaintiff repeats and re-allege the foregoing paragraphs as if fully set forth herein.

The NYPD is a municipal agency in receipt of funding from the federal government.

Discrimination based on race and national origin, is prohibited by recipients of federal financial assistance under 42 U.S.C. § 2000(d), *et seq.*

Defendants, through their policy, custom or practice, intentionally discriminated against Plaintiffs based on his  race in violation of Title VII of the Civil Rights Act and its implementing regulations.

As a direct and proximate result of Defendants' actions, Plaintiffs have suffered injuries and damages and have been deprived of their rights under the civil rights laws.

To state a claim for an equal protection violation, plaintiffs "must allege that a government actor intentionally discriminated against them on the basis of race, national origin or gender." *Hayden v. County of Nassau,* 180 F.3d 42, 48 (2d Cir.1999). Generally, there are several ways to plead intentional discrimination in violation of equal protection.

A plaintiff could point to a law or policy that expressly classifies persons on the basis of race. Or, a plaintiff could identify a facially neutral law or policy that has been applied in an intentionally discriminatory manner. A plaintiff could also allege that a facially neutral statute or policy has an adverse effect and that it was motivated by discriminatory animus.

*Brown v. City of Oneonta,* 221 F.3d 329, 337 (2d Cir.2000) (internal quotation marks and citations omitted). Here, the crux of plaintiff's allegations is a claim of selective enforcement/prosecution and denial of *94 equal protection under the Fourteenth Amendment and Section 1981. (Pl.'s Mem. at 13-14.)

### SECOND CAUSE OF ACTION: DISCRIMINATION
### UNDER THE EQUAL PROTECTION CLAUSE OF THE U.S CONSTITUTION

Plaintiff repeats and re-allege the foregoing paragraphs as if fully set forth herein.

Defendants denied Plaintiffs equal access to the services and protections of the NYPD based on his race. Such discrimination violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Defendants acted under color of state law to deprive the Plaintiffs of their Fourteenth Amendment rights. A cause of action is created by 42 U.S.C. § 1983.

As a direct and proximate result of the above-mentioned acts, Plaintiffs have suffered injuries and damages.

### THIRD CAUSE OF ACTION: DISCRIMINATION

Plaintiff:  Diamani D. Thomas
Complaint for Violation of Civil Rights
1

## UNDER THE EQUAL PROTECTION CLAUSE OF THE NEW YORK STATE CONSTITUTION

Plaintiff repeats and re-allege the foregoing paragraphs as if fully set forth herein

Defendants denied Plaintiffs equal access to the services and protections of the NYPD based on their national origins. Such discrimination violates the Equal Protection Clause of the New York State Constitution.

As a direct and proximate result of the above-mentioned acts, Plaintiffs have suffered injuries and damages.

## FOURTH CAUSE OF ACTION: INDIVIDUAL CLAIMS OF PLAINTIFF THOMAS PURSUANT TO 42 U.S.C. § 1983 AGAINST POM MORENO, DIEGO A, SGT GIMENEZ, MARTIN AND JOHN DOES 1-3

Plaintiff Thomas, Diamani repeats and re-alleges the foregoing paragraphs related to her arrest and ongoing contact with the NYPD as if the same were fully set forth herein.

Defendants wrongfully and illegally arrested and detained Plaintiff Thomas.

The wrongful, unjustifiable, and unlawful apprehension, arrest and detention of Plaintiff Thomas was carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion. In fact, Mr. Thomas, was riding a city bike along the sidewalk with a friend when he was approached by several police officers who jumped out of an unmarked car and threw him and his friend, illegally searched them and illegally searched a dark grey bookbag that was lying face down in the basket of the bike without identifying themselves, probable cause or consent to search the plaintiff's person or the bookbag in the basket of the bicycle.

By profiling Mr. Thomas and his friend because they were on bicycles and men of color that coincidently matched the description of persons of interest in a homicide that occurred a week before the plaintiff was illegally searched, arrested and processed through central booking and by failing to read the plaintiff his rights, allow him his phone call within a timely manner, and detain him, Defendants deprived him of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. A cause of action is created by 42 U.S.C. § 1983.

## FIFTH CAUSE OF ACTION:(42 USC § 1983)

The preceding paragraphs are here incorporated by reference.

Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC § 1983.

Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiffs of her right to due process of law,

Plaintiff:  Diamani D. Thomas
Complaint for Violation of Civil Rights
2

pursuant to the Fourteenth Amendment of the United States Constitution.

Defendants falsely arrested plaintiff and failed to intervene m each other's obviously illegal actions.

Plaintiff has been damaged as a result of defendants' wrongful acts.

**SIXTH CAUSE OF ACTION:** (MUNICIPAL AND SUPERVISORY LIABILITY)
The above paragraphs are here incorporated by reference.

The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritoriolls citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

Plaintiff: Diamani D. Thomas
Complaint for Violation of Civil Rights
3

Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total. disconnect" between the settlements of even substantial civil claims and police department action against officers.

The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiffs civil rights, without fear of reprisal.

Plaintiffs have been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

The City is liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiffs' constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

**Failure to Train and Supervise**

   "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements:  (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."   Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir.1983).    The failure to train or supervise city employees may constitute an official policy or custom if the failure amounts to "deliberate indifference" to the rights of those with whom the city employees interact.   City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).   To establish "deliberate indifference," a plaintiff must show that: [i] a policymaker knows "to a moral certainty" that city employees will confront a particular situation;  [ii] the situation either presents the employee with "a difficult choice of the sort that training or supervision will make less difficult" or "there is a history of employees mishandling the situation;" and [3] "the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights."   Walker v. City of New York, 974 F.2d 293, 297-98 (2d Cir.1992).   "[A] policymaker does not exhibit deliberate indifference by failing to train employees for rare or unforeseen events."   Id. at 297.   Moreover, where (as here), a city has a training program, a plaintiff must-in addition-"identify a specific deficiency in the city's training program and establish that that deficiency is 'closely related to the ultimate injury,' such that it 'actually caused' the constitutional

deprivation."   Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 129(2d Cir.2004) (quoting City
of Canton, 489 U.S. at 391, 109 S.Ct. 1197).


### SEVENTH CAUSE OF ACTION: (CONSTITUTIONAL TORT)
The above paragraphs are here incorporated by reference.

Defendants, acting under color of law, violated plaintiff's rights pursuant to §§ 5,
6 and 12 of the New York State Constitution.

A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12
of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights
under those sections.

### EIGTH CAUSE OF ACTION: (NEGLIGENT HIRING & RETENTION)
The above paragraphs are here incorporated by reference.

Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the loss
of liberty and mental abuse sustained by plaintiff.

Defendant City, through the NYPD, owed a duty of care to plaintiff because under the
same or similar circumstances a reasonable, prudent and careful person should have anticipated
an injury to plaintiff or those in a position similar to plaintiff's as a result of this conduct.

Upon information and belief, defendant officers were incompetent and unfit for their
positions.
Upon information and belief, defendant City knew or should have known through
exercise of reasonable diligence that the officer defendants were potentially dangerous and had
previously falsely arrested civilians without probable cause.

Defendant City's negligence in hiring and retaining the officer defendants proximately
caused plaintiff's injuries.

Because of the defendant City's negligent hiring and retention of defendant officers,
plaintiff incurred damages described above.

### NINTH CAUSE OF ACTION:(RESPONDEAT SUPERIOR)

The above paragraphs are here incorporated by reference.

Defendants' intentional tortious acts were undertaken within the scope of their
employment by defendant City of New York and in furtherance of the defendant City of New
York's interest.

As a result of defendants' tortious conduct in the course of their employment and in
furtherance of the business of defendant City of New York, Plaintiff was damaged.

Plaintiff:  Diamani D. Thomas
Complaint for Violation of Civil Rights
5

**Common Law Liability Under *Respondeat Superior***

Plaintiff argues that the City is responsible for the common law torts of false arrest and malicious prosecution, as well as for the alleged Section 1981 equal protection violation, under a theory of *respondeat superior*. (Pl.'s Mem. at 20.) Because the court has dismissed plaintiff's Section 1981 equal protection claim against defendant officers, it also dismisses the *respondeat superior* claim against the City. However, under the common law, "unlike § 1983, a municipality may be held liable for common law false arrest and malicious prosecution on a theory of *respondeat superior*." *Chimurenga v. City of New York*, 45 F. Supp. 2d 337, 344 (S.D.N.Y.1999) (dismissing plaintiff's Section 1983 claim against City but allowing common law claim alleging *respondeat superior* to survive summary judgment). If the plaintiff is able to "establish any of [his] pendent state law claims, [he] can recover against the City of New York under the common law doctrine of *respondeat superior*." *Clarke v. City of New York*, Nos. CV-96-5762, CV-98-7297, 1999 WL 608857, at *14 (E.D.N.Y. July 22, 1999). Therefore, to the extent plaintiff seeks to impose liability on the City under a common law theory of *respondeat superior* for *99 his false arrest claim, he is allowed to proceed.

Plaintiff argues that the City is responsible for the common law torts of false arrest and malicious prosecution, as well as for the alleged Section 1981 equal protection violation, under a theory of *respondeat superior*. (Pl.'s Mem. at 20.) Because the court has dismissed plaintiff's Section 1981 equal protection claim against defendant officers, it also dismisses the *respondeat superior* claim against the City. However, under the common law, "unlike § 1983, a municipality may be held liable for common law false arrest and malicious prosecution on a theory of *respondeat superior*." *Chimurenga v. City of New York*, 45 F. Supp. 2d 337, 344 (S.D.N.Y.1999) (dismissing plaintiff's Section 1983 claim against City but allowing common law claim alleging *respondeat superior* to survive summary judgment). If the plaintiff is able to "establish any of [his] pendent state law claims, [he] can recover against the City of New York under the common law doctrine of *respondeat superior*." *Clarke v. City of New York*, Nos. CV-96-5762, CV-98-7297, 1999 WL 608857, at *14 (E.D.N.Y. July 22, 1999). Therefore, to the extent plaintiff seeks to impose liability on the City under a common law theory of *respondeat superior* for *99 his false arrest claim, he is allowed to proceed.

## Section 1983 False Arrest Claim

Plaintiff alleges pursuant to Section 1983 that he was arrested without probable cause in violation of his rights under the Fourth and Fourteenth Amendments. Under New York law, the torts of false arrest and false imprisonment are "synonymous," *Posr v. Doherty*, 944 F.2d_91, 96 (2d Cir.1991), and "the elements of a false imprisonment claim are: (1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Singer v. Fulton Cty. Sheriff*, 63_F.3d_110, 118 (2d Cir.1995) (internal citation and quotation marks omitted). Plaintiff was riding a bike in the street, alongside a friend who rode his bike on the sidewalk, the cops jumped out of an unmarked car, asked the plaintiff and his friend to get off the bike, began searching both parties, searched the grey bookbag in the basket of plaintiff's bike, the smaller part of the bookbag was face down in the basket, and found a bb gun and placed both the plaintiff and his friend in two separate patrol cars. At no time did the officer ask the plaintiff if he consented to be searched nor did he provide consent to search the belongings in the basket of the bike. The original reason the officers claimed to have stopped the plaintiff and his

friend is because they both were riding the bikes on the sidewalk however the plaintiff never received a fine only the plaintiff's friend received a fine for riding the bike on the sidewalk.

Diamani was stopped for unknowingly violating subdivision "b" of section 19-176 that levies a maximum civil penalty of $100 and is a non-criminal violation.  The non-criminal stop and unlawful search and seizure concluded with Diamani being charged with AC 019176B Class V Bicycle operator on sidewalk, PL 265.01-B 02B Class F Type E Criminal possession of a firearm and PL 265.03 01C Class F Type C CPW-2nd Degree:Disguised Gun and two other charges.

**Conspiracy**

Pursuant to 42 U.S.C. §§  1985 and 1986, Diamani was the victim of a conspiracy to violate his rights.  Such a conspiracy is actionable under § 1985 only if it involves a discriminatory animus based on race or some other invidious classification.  See United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 829, 834-35, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983).   The plaintiff identifies himself as black, and he alleges in his complaint that the actions taken against him were racially motivated.  Mr. Thomas was targeted as per the arresting officer's conversation via phone with the plaintiff's mother because he was black and riding a bike, which the officer said fit the description of a murder that occurred a week prior.  Apparently, the murder suspect in the incident a week ago was riding a bike and was black.

# DAMAGES

As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

Violation of her rights pursuant to the First, Fourth, Fifth and Fourteenth Amendments of the Constitution pursuant to 42 U.S.C. §§ 1981, 1983, and 1985 to be free from an unreasonable search and seizure of their person;

Violation of her right to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;

Violation of their New York State Constitutional rights under Article **1**, Section 12 to be free from an unreasonable search and seizure;

Violation of their New York State Constitutional rights under Article **1**, Section 6 to due process;

Physical pain and suffering;

Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and injury to reputation.

Loss of liberty.

Plaintiff:  Diamani D. Thomas
Complaint for Violation of Civil Rights
7

The physical, psychological, and economic consequences of the defendants' actions continue to date, and upon information and belief, will continue into the future.